IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TURI JAFET JOSEPH** a/k/a **JOSEPH TURI** (#297255),<br><br>Plaintiff,<br><br>v.<br><br>**SUPERINTENDENT ENGLESON**, #234, et al.,<br><br>Defendants. | Case No. 17 C 2104 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Turi Joseph is a detainee in the custody of U.S. Immigration and Customs Enforcement. He is currently incarcerated at the Dodge County (Wisconsin) Detention Facility, apparently facing removal proceedings. Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 claiming that Defendants, correctional officials at the Stateville Correctional Center, violated Plaintiff's constitutional and statutory rights by denying him due process, by using unjustified force against him and by infringing on his religious exercise. More specifically Plaintiff alleges that Defendants repeatedly disciplined him for refusing haircuts and ultimately forcibly cut his hair in violation of his Rastafarian Nazirite faith. This matter is before the Court for ruling on Plaintiff's motions for leave to proceed *in forma pauperis* and for attorney representation as well as for threshold review of the complaint pursuant to 28 U.S.C. § 1915A.

Plaintiff's application for leave to proceed *in forma pauperis* is granted. Because Plaintiff currently has a zero balance in his inmate trust account, the Court waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(4). However the Court authorizes and orders Plaintiff (and

the facility having custody of him) to automatically remit to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more until the $350 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2). The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, Attn: Cashier's Desk, 20th Floor. Payments should clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2) a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

### Facts

Plaintiff alleges the following facts, assumed true for purposes of the Court's threshold review: Upon his admission into the Illinois Department of Corrections, Plaintiff told intake employees that he is a Rastafarian and a Nazirite. As a Nazirite Plaintiff has made a religious vow never to cut his hair.

At the time of the events giving rise to this lawsuit Plaintiff was an inmate at the Stateville Correctional Center. On March 19, 24, and 26, 2015, Plaintiff refused to get a haircut. Plaintiff repeatedly explained to correctional officials that it was against his religious beliefs to cut his hair. However Defendant Engleson, a cellhouse superintendent, informed Plaintiff that his religious preference conflicted with the prison's grooming policy.

Plaintiff received a disciplinary report each time he rebuffed requests to go to the barber. Engleson warned Plaintiff that unless he voluntarily permitted a barber to cut his hair, prison officials would force his compliance. She directed Plaintiff to file a grievance if he disagreed with the decision.

On March 27, 2015, before Plaintiff had either appeared before an adjustment committee or had the opportunity to avail himself of grievance procedures, Defendant Engleson dispatched a tactical team to his cell. The tactical team, nicknamed "Orange Crush," sprayed a chemical
- 3 -

agent through the chuckhole door of Plaintiff's cell. They then entered the cell and ordered Plaintiff to submit to being handcuffed. Next they took him to the ground and punched him. One of the officers stepped on Plaintiff's hand, breaking a finger and causing the hand to swell. The Orange Crush team then forcibly sheared Plaintiff's hair from his head.

Plaintiff underwent a medical examination after his haircut. Health care professionals advised Plaintiff his little finger was not broken, but he did not believe them.

At some point after the incidents giving rise to this lawsuit correctional officials transferred Plaintiff to another facility, the Pinckneyville Correctional Center. Plaintiff claims to have received inadequate medical treatment for his injured finger at Pinckneyville.

Plaintiff initiated this suit on or about March 16, 2017 (the complaint is dated March 1, 2017, but the Clerk of Court received the initiating documents on March 16, 2017).

## Analysis

Accepting Plaintiff's factual allegations as true, the Court finds that the complaint states colorable federal causes of action. Plaintiff has stated facts suggesting that "Orange Crush" officers used excessive force against him. The Eighth Amendment's Cruel and Unusual Punishment Clause prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In cases involving the use of excessive force the question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7; *see also Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). If Defendants maced Plaintiff without provocation and punched him for no reason, as alleged, then they may be liable under 42 U.S.C. § 1983.

Although a closer call, Plaintiff may likewise be entitled to relief under 42 U.S.C. § 1983 for the alleged violation of his First Amendment right to the free exercise of his religion. *See,*

*e.g., Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972) ("reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments without fear of penalty"); *Tarpley v. Allen County, Indiana*, 312 F.3d 895, 898 (7th Cir. 2002) (correctional administrators must give inmates a reasonable opportunity to exercise their religious beliefs). In addition, the Religious Land Use and Institutionalized Persons Act ("RLUIPA") prohibits correctional facilities receiving federal funds from imposing a substantial burden on an inmate's religious exercise unless prison officials can demonstrate "that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a)(1)-(2); *see also Holt v. Hobbs*, 135 S.Ct. 853, 860 (2015) (observing that RLUIPA provides "expansive protection for religious liberty").

The Court notes that the courts in this circuit have generally upheld grooming policies requiring Rastafarian inmates to get haircuts. *See, e.g., Williams v. Snyder*, 367 F. App'x 679, 683 (7th Cir. 2010) (unpublished decision affirming summary judgment in Rastafarian haircut case); *Johnson v. McCann*, No. 08 C 4684, 2010 WL 2104640, at \*\*4-8 (N.D. Ill. May 21, 2010) (granting summary judgment with respect to Stateville's grooming policy); *see also Cherer v. Krawczyk*, No. 15 CV 0771, 2016 WL 270009, at \*5 (S.D. Ill. Jan. 22, 2016) (dismissing on 1915A review a prisoner's claim that he was constitutionally permitted to grow his hair long). But as the Court is recruiting an attorney who specializes in religious disputes, counsel is in a better position to determine whether Plaintiff's haircut claim is potentially actionable. Nothing in this order, which is based on preliminary review of the complaint, precludes any legal argument that Defendant(s) may advance in response to Plaintiff's allegations.

However the complaint fails to state a claim with respect to medical professionals' alleged misdiagnosis of Plaintiff's broken finger. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). Deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005), or by "woefully inadequate action," *Cavalieri v. Shepherd*, 321 F.3d 616, 624 (7th Cir. 2003), as well as by no action at all. But neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Estelle*, 429 U.S. at 106; *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Greeno*, 414 F.3d at 653. Here the facts show only that Plaintiff disagreed with the assessment of medical officials at Stateville. Moreover to the extent that Plaintiff wishes to sue over the quality of his medical treatment at the Pinckneyville Correctional Center, he must file suit in the U.S. District Court for the Southern District of Illinois. *See* 28 U.S.C. § 93(c).

As a final concern, the Court observes that it may now be too late to name as Defendants the individuals who were personally and directly responsible for the alleged constitutional and statutory violations Plaintiff asserts. There is a two-year statute of limitations for civil rights actions in Illinois. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. In this circuit a plaintiff may not substitute named defendants for John Doe defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980); *Williams v. Hardy*, No. 11 C 4838, 2012 WL 1719181, *3 (N.D. Ill. May 15, 2012) (Guzmán, J.). Plaintiff seems to have initiated suit just days before the statute of limitations extinguished

his claims. Thus, unless tolling applies, the statute of limitations may bar suit against the as-yet unnamed "Orange Crush" officers and prison health care providers.

The Court directs the Clerk of Court to issue summons for service of the complaint on Defendant Engleson. The Court further instructs the Clerk to mail Plaintiff a blank USM-285 (U.S. Marshals service) form. The Court advises Plaintiff that a completed USM-285 form is required for service on the Defendant. The U.S. Marshal will not attempt service on Defendant unless and until the required form is received. Plaintiff must therefore complete and return a service form for the Defendant. Failure to do so may result in the dismissal of the unserved Defendant, as well as dismissal of this case for lack of prosecution.

The Court appoints the U.S. Marshals Service to serve Defendant Engleson. The Court directs the U.S. Marshal to make all reasonable efforts to serve Defendant. If Engleson can no longer be found at the work address provided by Plaintiff, correctional officials must furnish the U.S. Marshal with the Defendant's last-known address. The U.S. Marshal will use the information only for purposes of effectuating service or to show proof of service and any documentation of the address shall be retained only by the U.S. Marshal. Address information will not be maintained in the Court file nor disclosed by the U.S. Marshal, except as necessary to serve Defendant. The Court authorizes the U.S. Marshal to send a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service.

The complaint suggests that Plaintiff may not have the wherewithal to litigate this matter. In addition his incarceration in another state would tend to hamper efforts to gather evidence and to identify the defendants in interest. Accordingly Plaintiff's motion for attorney representation is granted. The Court requests that Eric Michael Sdrenka / Law Offices of Eric Sdrenka / 16N630 Oaks Lane / West Dundee, Illinois 60118 / (312) 726-3208 / sdrenka-probst@sbcglobal.

net represent Plaintiff in accordance with counsel's trial bar commitment under Local Rule 83.37 (N.D. Ill.). The Court encourages counsel to visit the Northern District's *Pro Bono* web page at http://www.ilnd.uscourts.gov/ Pages.aspx?page=Pro Bono for various resources related to *pro bono* representation.

## Conclusion

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place to begin making monthly deductions from Plaintiff's account for payment to the Clerk of Court toward payment of the filing fee in accordance with this order. The Court directs the Clerk to: (1) send a copy of this order to the trust fund office at the Dodge County Detention Facility; (2) file Plaintiff's complaint [#1]; (3) issue summons for service on Defendant Engleson; and (4) send Plaintiff a blank USM-285 service form, a magistrate judge consent form, filing instructions, and a copy of this order. The Court appoints the U.S. Marshal to serve the Defendant. The U.S. Marshal will not attempt service on a Defendant unless and until the required form is received. Plaintiff's motion for attorney representation [#4] is granted. The Court requests that Eric M. Sdrenka / Law Offices of Eric Sdrenka / 16N630 Oaks Lane / West Dundee, Illinois 60118 / (312) 726-3208 / sdrenka-probst@sbcglobal.net represent Plaintiff in accordance with counsel's trial bar obligations under Local Rule 83.37 (N.D. Ill.).

_____
Milton I. Shadur
Senior United States District Judge

Date: March 31, 2017